UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABIGAIL RATCHFORD, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 19-30092-MGM |
| ORANGE LANTERN, INC., | |
| Defendant. | |

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION FOR RECONSIDERATION
(Dkt. No. 105)

April 16, 2025

MASTROIANNI, U.S.D.J.

## I.    INTRODUCTION

Plaintiffs are a group of professional models and social media influencers represented by attorneys who have brought numerous actions around the country on behalf of similar groups of plaintiffs who allege their images were improperly posted on social media to promote night clubs offering adult entertainment. Defendant, Orange Lantern, Inc., previously operated the Magic Lantern night club. Plaintiffs alleged their images were posted to the Magic Lantern's public, promotional Facebook page without their consent. Following discovery, the parties filed cross motions for summary judgment. On March 13, 2024, this court denied Plaintiffs' motion and granted Defendant's motion as to all claims other than Plaintiffs' defamation claims. (Dkt. No. 83.)

As to the defamation claims, the parties disagreed about whether a subset of the claims were barred by the statute of limitations because they were posted more than three years before this action was filed. Plaintiffs took the position that the claims are timely because the discovery rule

applies. Defendant argued summary judgment should enter because the discovery rule is

inapplicable to news publications and the same limitation should apply to public social media

postings. Another court in this district had recently certified a question to the Massachusetts

Supreme Judicial Court ("SJC") regarding the application of the discovery rule to social media.[1]

Rather than attempt to predict how the SJC would answer the question, the court stayed the case

without ruling on whether any of the defamation claims are time-barred.

On September 4, 2024, the SJC issued its opinion, writing, in part:

> Claims for defamation . . . that arise from material posted to social media platforms
> accrue when a plaintiff knows, or reasonably should know, he or she has been harmed
> by the defendant's publication of that material. Given how "vast" the social media
> universe is on the Internet, and how access to, and the ability to search for, social
> media posts may vary from platform to platform and even from post to post, that
> determination requires consideration of the totality of the circumstances regarding the
> social media posting, including the extent of its distribution, and the accessibility and
> searchability of the posting. The application of the discovery rule is therefore a highly
> fact-specific inquiry, and the determination of whether plaintiffs knew or should have
> known that they were harmed by a defendant's post on social media must often be left
> to the finder of fact. If, however, the material posted to social media is widely
> distributed, and readily accessible and searchable, a judge may determine as a matter
> of law that the discovery rule cannot be applied.

*Davalos v. Bay Watch, Inc.*, 240 N.E.3d 753, 755–56 (Mass. 2024).

The court lifted the stay in this case on October 2, 2024, and directed the parties to file a joint

status report. (Dkt. No. 95.) Neither party asked the court to issue a summary judgment ruling

applying the discovery rule to the otherwise untimely defamation claims. They proposed several

potential trial dates and Plaintiffs informed the court they would be seeking to consolidate this case

with a new case they filed on March 15, 2024, two days after the court's summary judgment decision

---

[1] The question was certified by the court presiding over *Davalos v. Baywatch, Inc.*, an action brought by the
same attorneys representing Plaintiffs here, on behalf of several plaintiffs, including two of the plaintiffs in
this action. Civ. Action No. 21-11075-NMG, 2023 WL 8703557 (D. Mass. Dec. 15, 2023). Following the
SJC's opinion, the court in *Davalos* applied the discovery rule criteria identified by the SJC to the summary
judgment record and determined the plaintiffs had "failed to create a genuine dispute of fact as to whether
the applicable statute of limitations was sufficiently tolled." *Davalos v. Baywa[t]ch Inc.*, 752 F. Supp. 3d 416,
423 (D. Mass. 2024).

entered (the "2024 Case").[2] (Dkt. No. 96.) The court set a trial date in this case and, separately, set a scheduling conference in the 2024 Case.

Before moving to consolidate the two cases, Plaintiffs filed a motion for summary judgment in the new 2024 Case on November 5, 2024. (24-cv-30035, Dkt. No. 11.) Noting that Plaintiffs had filed their motion before the scheduling conference, and before any new discovery was taken, Defendant sought an extension of time to reply to the motion. (24-cv-30035, Dkt. No. 15.) Plaintiffs opposed the extension of time, in part because of the approaching trial date set in this case. (24-cv-30035, Dkt. No. 16.) On November 26, 2024, the court granted Defendant additional time to respond to the summary judgment motion filed in the 2024 Case and observed that Plaintiffs had not yet filed a motion to consolidate for trial this case with the newly filed one. (24-cv-30035, Dkt. No. 17.) Later that same day, Plaintiffs filed their motion to consolidate in this case (Dkt. No. 98). During the scheduling conference for the 2024 Case, the parties disagreed about the need for discovery. Afterwards, Defendant elected to file a cross motion for summary judgment in the 2024 Case, rather than press for additional discovery. On December 30, 2024, the court granted Plaintiffs' motion to consolidate and continued the trial in this case until after the court rules on the summary judgment motions filed in the 2024 Case. (Dkt. No. 103.)

On February 13, 2025, the day before the court-extended deadline for Plaintiffs to respond to Defendant's cross motion for summary judgment in the 2024 Case, Defendant filed a motion for reconsideration of the court's summary judgment ruling. (Dkt. No. 105.) Defendant argued the summary judgment record cannot support application of the discovery rule and asked the court to grant its summary judgment as to the defamation claims based on images posted to the Magic

---

[2] In the 2024 Case, Plaintiffs assert right of privacy claims under the laws of the jurisdictions where they reside. Plaintiffs asserted the same right of privacy claims in this case but relied solely on Massachusetts law. The court granted summary judgment for Defendant on those claims because Plaintiffs lacked sufficient ties to Massachusetts. Plaintiffs restated the claims by filing the 2024 Case, rather than seeking to amend their complaint in this case.

Lantern's Facebook page more than three years before this case was filed. For the reasons that follow, the court grants Defendant's motion for reconsideration and enters summary judgment for Defendant as to the untimely defamation claims.

## II.    MOTION FOR RECONSIDERATION

Under Rule 60(b), a party may seek relief from "a Final Judgment, Order, or Proceeding" for several reasons inapplicable here, or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The only timing requirement for motions brought pursuant to Rule 60(b)(6) is that they "must be made within a reasonable time." Fed. R. Civ. P. 60(c). Plaintiffs contend an intervening change in law, like the SJC's clarification of the discovery rule as it applies to social media, cannot justify relief under Rule 60(b)(6) and that the motion is untimely.

Although a change to the law will rarely be sufficient grounds to set aside a final judgment, a different calculus necessarily applies to interlocutory orders. As explained in Rule 54, "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). In fact, although Defendant captioned the filing as a motion for reconsideration, it is more accurately viewed as a request for the court to now supplement its earlier order. The court did not rule on the portion of Defendant's summary judgment motion that argued a subset of Plaintiffs' defamation claims were time-barred. The parties' disagreed about how the discovery rule applies to social media postings and, since that state law question was already before the SJC, this court deferred a ruling until after the SJC issued its decision. (Dkt. No. 83 at 20-21.)

When the SJC addressed the question, it did not adopt a bright line rule permitting, or barring, use of the discovery rule in all cases involving social media postings. Instead, the SJC explained that courts will typically have to engage in a fact-intensive analysis to determine whether

the discovery rule applies to defamatory statements posted on social media. This type of fact-intensive analysis could become incompatible with summary judgment, and the court asked the parties to confer and file a joint status report when it lifted the stay on October 2, 2024. The parties' joint status report did not raise the disputed statute of limitations issue that was not resolved by the court's summary judgment ruling. Additionally, after the joint status report was filed, the case was set for trial and attention shifted to the 2024 Case and consolidation of the two cases for trial. Together, the stay, the issuance of the SJC's *Davalos* decision, and the filing of the 2024 Case, weigh in favor of finding Defendant's motion for reconsideration[3] was filed within a reasonable time.

### III.    SUMMARY JUDGMENT AND THE STATUTE OF LIMITATIONS

Plaintiffs' defamation claims are based on fifty-four images posted to the Magic Lantern Facebook page between July 16, 2012 and November 21, 2018. Under Massachusetts law, the statute of limitations period for defamation claims is three years from when the cause of action accrues. Mass. Gen. Laws c. 260, § 2A. The general rule is that the limitations period begins to run when the defamatory material is published. *Davalos*, 240 N.E.3d at 758. Nine of the images were posted within the three years before the original complaint was filed on July 1, 2019 and the defamation claims based on these images survive summary judgment. The question left unresolved in the court's original summary judgment ruling is whether the claims based on the other forty-five images are time-barred. Defendant asserted the statute of limitations as an affirmative defense in its answers to Plaintiffs' original and amended complaints. At summary judgment, Defendant argued the discovery rule cannot apply to public social media postings and, therefore, claims based on

---

[3] Defendant captioned its filing as a motion for reconsideration and the court has addressed it accordingly. However, the court views the motion as a request to supplement the summary judgment ruling following imposition of a stay and notes that such a motion would not be subject to the Rule 60 analysis.

images posted prior to July 1, 2016 are untimely as a matter of law. Plaintiffs countered that the discovery rule applies and defeats Defendant's statute of limitations defense.

"Under th[e] discovery rule, 'a cause of action accrues when the plaintiff discovers or with reasonable diligence should have discovered that (1) [she] has suffered harm; (2) [her] harm was caused by the conduct of another; and (3) the defendant is the person who caused that harm.'" *Id.* at 757 (quoting *Magliacane v. Gardner*, 138 N.E.3d 347, 357 (Mass. 2020)) (first alteration added, other alterations in original). The discovery rule is usually not available to toll actions based on statements made in a broadly circulated publication, "as such widespread publication should have been discovered by the plaintiff." *Id.* at 758. This law was well-established before the parties filed their cross motions for summary judgment. The court initially declined to apply it to the summary judgment record because the parties took different positions about whether public social media posts are the type of broadly circulated publications that foreclose application of the discovery rule.

In *Davalos*, the SJC declined to apply the limitations for statements made in broadly circulated publications to all social media posts. Instead, the SJC provided additional guidance for assessing when the discovery rule is unavailable because a plaintiff who lacked actual knowledge nonetheless should have known of a defamatory social media posting. *Id.* at 760. Specifically, courts are directed to consider how widely a post was distributed and whether the posting was readily accessible and searchable. *Id.* For "public" social media postings a court may need to ask:

> Was the "public" post only available to users with an account on the platform, or even a subset of those who had an account on the platform? How many total users of the platform were there, and how many "subscribed" to the posting page? Under what circumstances could the post be accessed and shared? Does the platform provide a means to search for posts, and if so, under what circumstances would the platform's algorithm display the post to users conducting searches on the platform? Could the post appear in the search results of an Internet search engine?

*Id.* Such a fact-intensive "determination must often be left to the trier of fact[,]" but in the absence of evidence suggesting the social media postings could not have been discovered

through reasonable diligence, a court may determine "that the discovery rule does not apply as a matter of law." *Id.*

Contrary to the position Plaintiffs take in their opposition to Defendant's motion for reconsideration (Dkt. No. 107 at 6-7), Defendant has never had the burden of establishing that the discovery rule does not apply to the otherwise untimely claims. As the SJC reiterated in *Davalos*, "where a defendant raises the statute of limitations as an affirmative defense, the plaintiff bears the burden of proving the action was timely commenced." *Id.* at 761 (quotations and alteration omitted). Defendant is, therefore, entitled to summary judgment as to the defamation claims based on images posted prior to July 1, 2016, unless Plaintiffs "demonstrate[d] that [they] had a reasonable expectation of proving that [they] neither knew nor should have known of the defamatory publication[s]" more than three years before the action was commenced. *Id.* at 761. The court looks to the evidence cited in the parties' summary judgment filings to assess whether Plaintiffs presented sufficient facts from which a factfinder could determine the discovery rule is applicable to images posted before July 1, 2016. For the reasons explained in the March 13, 2024 summary judgment ruling, the court considers only those facts set forth in the parties' respective statements of material facts. (Dkt. No. 83 at 9.)

The relevant facts are few and do not appear to be in dispute. Plaintiffs have all derived income from licensing their images and, therefore, have good reason to monitor misappropriation of their likenesses. They also have been involved in similar lawsuits against other night clubs operating around the country. Between 2012 and 2018, at least one image of each Plaintiff was posted on the Magic Lantern Facebook page. The postings did not identify Plaintiffs by name, which may have made it difficult to search for the images. On the other hand, the Facebook page was used to promote the Magic Lantern to potential customers. During the relevant period it was Defendant's sole source of advertising and there has been no suggestion the contents of the

Facebook page were concealed or accessible only by a limited group of Facebook users. Neither party presented evidence regarding how and when each Plaintiff learned that her image had been posted to the Magic Lantern Facebook page.[4]

Such paltry facts do not suffice to meet Plaintiffs' burden of establishing that their claims are timely. For postings made prior to July 1, 2016, Plaintiffs had to present evidentiary support for application of the discovery rule. *Id.* at 762; *see also Doe v. Creighton*, 786 N.E.2d 1211, 1213 (Mass. 2003). Specifically, Plaintiffs' evidence, if credited, needed to support a finding that, even with reasonable diligence, they were unlikely to learn about the harmful postings on the Magic Lantern Facebook page more than three years before they filed their original complaint. At a minimum, this required some information about the circumstances in which each plaintiff learned her image had been posted to the Magic Lantern Facebook page. For purposes of summary judgment, the court would view any explanation in the light most favorable to Plaintiffs, but without *some* explanation, there is no basis for the court to infer that the postings could not have been discovered earlier. Additionally, it is undisputed that Plaintiffs are professionals who license images of themselves and have been involved in other similar lawsuits.

---

[4] The declaration of Linda Davila, attached to Plaintiffs opposition to Defendant's motion for reconsideration, provides some additional information about how Plaintiffs learned their images had been posted to the Magic Lantern Facebook page. This declaration was not a part of the summary judgment record, and it provides only a general explanation as to why it is difficult to monitor all entities that might misappropriate Plaintiffs' images. The declaration describes a "painstaking" research process but, even so, it only requires "days and weeks" to complete. As described, that research process does not explain why it took years for Plaintiffs to learn about some of the images posted on the Magic Lantern Facebook page. Finally, the declaration does not identify any characteristics specific to the Magic Lantern Facebook page that prevented or impeded the timely discovery of publicly posted images. Timeliness is a critical element of Plaintiffs' claims and cannot be established solely by showing that days or weeks were spent investigating or researching Plaintiffs' claims.

IV.    CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Reconsideration is GRANTED and summary judgment is entered for Defendant as to Plaintiffs' defamation claims based on images posted to the Magic Lantern Facebook page prior to July 1, 2016.

It is So Ordered.

   /s/ Mark G. Mastroianni

MARK G. MASTROIANNI

United States District Judge